IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-00057-RBJ

MARIO GERONIMO HERNANDEZ,

      Petitioner,

v.

KRISTI NOEM, TODD M. LYONS,
ARTHUR WILSON, JOHNNY CHOATE,
PAMELA BONDI, in their official capacities,
THE EXECUTIVE OFFICE OF IMMIGRATION REVIEW,
UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,
THE BOARD OF IMMIGRATION APPEALS,

      Respondents.

---

## ORDER

This matter comes before the Court on petitioner Mr. Mario Geromino Hernandez's (petitioner or Mr. Geronimo Hernandez) "Verified Petition for a Writ of Habeas Corpus" (Petition). ECF No. 1. A Mexican national who entered the United States without inspection and has been living here for nearly 20 years, Mr. Geronimo Hernandez was arrested by U.S. Immigration Customs and Enforcement (ICE) on or about September 2025, and placed in removal proceedings. *Id.* at 1. He was taken to the Denver Contract Detention Facility where he has remained detained ever since. *Id.* at 6.

1

Mr. Geronimo Hernandez alleges that respondents are unlawfully detaining him under 8 U.S.C. § 1225(b)(2)(A) of the Immigration and Nationality Act (INA), which mandates detention during removal proceedings for "applicant[s] for admission" who are "seeking admission" to the United States. *Id.* at 2. Mr. Geronimo Hernandez asserts that this provision does not apply to him, and therefore, his present mandatory detention violates due process under the Fifth Amendment, and his statutory right to a bond hearing under 8 U.S.C. § 1226(a). *See* ECF No. 1 at 10-11.

Petitioner requests, *inter alia*, that this Court order his immediate release from custody on bond. *Id.* at 12. He further requests that the Court grant any other relief deemed "just and proper." *Id.* For the reasons stated below, this Court will GRANT the petition to the extent that respondents are prohibited from transferring Mr. Geronimo Hernandez from the District of Colorado or removing him from the United States during the pendency of this case.

As this Court has previously explained, the question of what provision of the INA properly governs the detention of a noncitizen who, like petitioner, entered the country without inspection and has resided here for more than two years is a recurring issue. *See Campos-Melara v. Noem et al.*, 1:25-cv-03929-RBJ, ECF No. 7 (D. Colo. Dec. 9, 2025); *Ugarte Hernandez v. Baltazar et al.*, 1:25-cv-04066-RBJ, ECF No. 16 (D. Colo. Jan. 15, 2026).

This Court has the inherent authority under the All Writs Act, 28 U.S.C. § 1651, to preserve its jurisdiction by enjoining the transfer of a noncitizen challenging his mandatory detention under § 1225(b)(2)(A).  *See, e.g.*, *Castillo v. Andra-Ybarra*, Civ. No. 25-1074 JB/JFR, 2025 WL 3251223, at *12-13 (D.N.M. Nov. 21, 2025); *Alves v. U.S. DOJ*, Cause No. EP-25-CV-306-KC, 2025 WL 269763, at *5 (W.D. Tex. Sept. 12, 2025).  The Court has ordered this preliminary relief in numerous cases presenting this same issue, and will order this relief here.  *See, e.g.*, *Campos-Melara*, 1:25-cv-03929-RBJ, ECF No. 7; *Vences Nuñez v. Noem et al.*, 1:25-cv-04046-RBJ, ECF No. 4 (D. Colo. Dec. 18, 2025).

Therefore, to protect the status quo and preserve this Court's jurisdiction, the Court GRANTS the habeas petition only insofar as respondents are hereby enjoined from removing petitioner from the United States or transferring him out of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this order or the case is terminated.  At this time, the Court takes no action with respect to the remainder of the relief sought in the habeas petition.

To the extent they have not done so yet, no later than Wednesday, January 21, 2026, counsel for petitioner is directed to: (1) serve respondents with a copy of the Petition along with a copy of this Order, by email and overnight mail; and (2) promptly file proof of such service on the docket.  Counsel for respondents shall promptly enter notices of appearance, and, within 14 days of service, respondents

are ORDERED TO SHOW CAUSE as to why the Petition should not be granted by releasing petitioner or requiring a bond hearing within seven (7) days. *See Yassine v. Collins*, 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. Jul. 7, 2025) (explaining that while 28 U.S.C. § 2243 refers to a three-day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself and granting respondents a 14-day deadline to respond) (internal citations omitted).

It is SO ORDERED.

Dated: January 20, 2026         BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge