IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-00057-RBJ

MARIO GERONIMO HERNANDEZ,

    Petitioner,

v.

KRISTI NOEM, TODD LYONS,
ARTHUR WILSON, JOHNNY CHOATE,
PAMELA BONDI, in their official capacities,
THE EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,
UNITED STATES IMMIGRATION AND CUSTOM ENFORCEMENT,
THE BOARD OF IMMIGRATION APPEALS,

    Respondents.

## ORDER

Before the Court is petitioner's Verified Petition for a Writ of Habeas Corpus (Petition), ECF No. 1.  Petitioner seeks, *inter alia*, an order granting his immediate release on bond.[1]  *Id.* at 12.

The issue in this case is whether, as a noncitizen who has not been admitted or paroled into the United States, petitioner's detention during removal proceedings

---

[1] This Court previously granted the Petition to the extent that it prohibited respondents from transferring petitioner away from the District of Colorado or removing him from the United States until the termination of this case.  ECF No. 4.  That Order remains in effect.

1

is governed by 8 U.S.C. § 1225(b)(2)(A) or 8 U.S.C. § 1226(a). If it is the former, as respondents contend, petitioner's detention is mandatory. If the latter provision controls, as petitioner argues, than he is entitled to a bond hearing before an Immigration Judge.

Although respondents filed a brief in opposition, they recognize that this case "is not materially different" from the others this Court has decided raising this precise issue. ECF No. 13 at 1, 1-2 (citing this Court's prior decisions).

The Court has concluded, now many times over, that § 1226—and not § 1225(b)(2)(A)—governs detention for noncitizens who, like petitioner, entered the country without inspection and are not subject to expedited removal. *See, e.g.*, *Cervantes Arredondo*, 25-cv-03040-RBJ, ECF No. 21; *Velazquez de Leon v. Baltazar*, 25-cv-03805-RBJ, ECF No. 19 (D. Colo. Dec. 22, 2025); *Ugarte Hernandez v. Baltazar*, 25-cv-04066-RBJ, ECF No. 16 (D. Colo. Jan 15, 2026).

Most recently, the Court set forth its complete analysis in *Ugarte Hernandez*, and now incorporates the reasoning in that Order and adopts it in full. *See, e.g.*, *Espinoza Ruiz v. Baltazar*, 1:25-cv-03642-CNS, 2025 WL 3294762, at *2 (D. Colo. Nov. 26, 2025) (district court, on the same statutory question, "accept[ing] in full" and "adopt[ing]" its reasoning outlined in a previous case). The Court has read the Fifth Circuit's recent split decision adopting respondents' interpretation of the relevant statutory provisions, but remains unpersuaded. *See Buenrostro v. Bondi*, --

-F.4th---, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  Instead, the Court respectfully agrees with the dissenting judge that the majority's reading of § 1225(b)(2)(A) is inconsistent with "the statutory definition of 'admission,' the provision's context, the Supreme Court's understanding of the statutory scheme, and the whole history of American immigration law." *Id.* at *11 (Douglas, J., dissenting).  In any case, as respondents recognize, "until the Tenth Circuit rules on this issue," the Court's prior ruling on this issue dictates reaching the same result here.  ECF No. 6 at 3.

The Court has also previously determined that the appropriate relief for this violation is for the noncitizen to receive a prompt bond hearing before an Immigration Judge.  *See, e.g.*, *Vences Nuñez v. Baltazar*, 25-cv-04046-RBJ, ECF No. 10 (D. Colo. Jan. 16, 2026); *Cervantes Arredondo,* ECF No. 21, at *8 (ordering a bond hearing); *Velazquez de Leon,* ECF No. 19, at *8 (same).  Most recently, in *Vences Nuñez,* the Court explained why, at the bond hearing, the government should bear the burden of proof by clear and convincing evidence to maintain detention.  *Id.* at *4-10.  Again, the Court incorporates by reference and adopts in full the reasoning in that Order.

Therefore, it is hereby ORDERED that:

1. The Petition, ECF No. 1, is GRANTED to the extent that respondents are directed to provide petitioner with a bond hearing before an Immigration Judge within seven (7) days of this Order.

2. At the bond hearing, respondents SHALL bear the burden of proof by clear and convincing evidence to maintain petitioner's detention.

3. The parties SHALL, within five (5) days of petitioner's bond hearing, file a joint status report stating whether petitioner was granted bond, and if not, the reasons why bond was denied.

4. Respondents SHALL NOT transfer petitioner outside the District of Colorado or remove him from the United States pending resolution of this case.

It is SO ORDERED.[2]

Dated: February 10, 2026           BY THE COURT:

*Brooke Jackson*

R. Brooke Jackson
Senior United States District Court Judge

---

[2] To the extent petitioner seeks attorneys' fees, *see* ECF No. 1 at 12,, he is directed to file a separate motion complying with the Federal Rules of Civil Procedure and the Local Rules.